**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| AVALON HOLDINGS CORP.,<br><br>Plaintiff,<br><br>v.<br><br>GUY GENTILE,<br><br>Defendant. | No. 24-mc-23707<br><br>Miscellaneous action relating to:<br><br>No. 18-CV-7291 (DLC) (RJL) (S.D.N.Y.) |

Related to:

| | |
|---|---|
| NEW CONCEPT ENERGY, INC.,<br><br>Plaintiff,<br><br>v.<br><br>GUY GENTILE,<br><br>Defendant. | No. 24-mc-23709<br><br>Miscellaneous action relating to:<br><br>No. 18-CV-8896 (DLC) (RJL) (S.D.N.Y.) |

**MOTION TO COMPEL NON-PARTY DISCOVERY**
**(Deposition and Documents from Nicholas Abadiotakis)**

Pursuant to F.R.C.P. 37(a) and F.R.C.P. 45, Plaintiff files this Motion to compel non-party Nicholas Abadiotakis to comply with the Subpoenas issued and served on him in connection with proceedings to enforce Judgments entered against the Defendant, Guy Gentile, in the Southern District of New York in the above cases brought by Plaintiffs under §16(b) of the Securities Exchange Act of 1934, 15 U.S.C §78pb *et. seq.* These ancillary proceedings were opened when Plaintiffs filed Registrations of their Judgments in this District as ordered by Judge Cote at S.D.N.Y. Dkt. 339.[1]

[1] Unless otherwise indicated, references to "Dkt." refer to Docket entries in the *Avalon Holdings* case in the Southern District of New York, 18-cv-7291. Substantially identical and duplicative filings were also filed in the related S.D.N.Y. *New Concept Energy* case, No. 18-cv-8896.

## BACKGROUND

### A. The S.D.N.Y. Actions and Final Judgments

These cases were initiated by Plaintiffs in 2018 in the Southern District of New York to recover short swing profits realized by Gentile from his manipulative pump and dump of Plaintiffs' stocks. (Dkt. 1) Summary judgment was entered in favor of Plaintiffs on April 8, 2022. (Dkt. 22.) Following an inquest on damages that was unnecessarily delayed by Gentile's and his counsel's vexatious misconduct and machinations, Magistrate Judge Lehrburger issued a Report & Recommendation on October 6, 2023, for entry of Judgments in favor of Plaintiffs in the combined amount of more than $12 million, plus pre-judgment interest and sanctions in the form of an award of attorneys' fees for the Plaintiffs (Dkt. 240, which Plaintiffs' counsel later waived in the interest of expediency in entering final judgment for their clients, *see* Dkt. 278).

On March 20, 2024, Judge Cote entered Final Judgments in favor of Plaintiffs in the total amount of more than $16 million, inclusive of pre-judgment interest. (Dkt. 281.) Following Gentile's appeal to the Second Circuit, the Judgments were affirmed by Summary Order on October 28, 2025, with the Mandate entered on November 19, 2025. (Dkt. 469).

To this day, not one cent of the Judgments have been paid. Enforcement proceedings have been ongoing in the Southern District of New York since Gentile failed to post the required bond within the 30-day automatic stay period provided by F.R.C.P. 69. Those proceedings have included Plaintiffs' registration of the Judgments in this District as ordered by Judge Cote "for good cause shown" under 28 U.S.C. §1963, further discussed below. Post-Judgment interest continues to accrue.

### B. Plaintiffs' Registration of the Judgments and Opening of Proceedings in This District

Plaintiffs' enforcement efforts have included their registration of the Judgments in counties and districts where Plaintiffs believe Gentile owns real property or other assets and where

they anticipated that execution or turnover may be sought, or where discovery may need to be compelled from third parties with information about Gentile's assets subject to collection or execution.

On May 15, 2024, Judge Cote granted Plaintiffs' request to certify and register the Final Judgments in the District of Puerto Rico, where Plaintiffs were informed Gentile owned assets, including real property. (Dkt. 293). Upon registration, miscellaneous enforcement proceedings 3:24-mc-186 (*New Concept)*, and 3:24-mc-187 (*Avalon*) were opened in the District of Puerto Rico.

On September 17, 2024, Judge Cote granted Plaintiffs' similar request to register the Judgments in this District for the same reasons. (Dkt. 339.) Plaintiffs were informed that these miscellaneous proceedings were opened in this District by letter from the Clerk of Court dated September 27, 2024, which advised Plaintiffs' counsel of local *pro hac vice* requirements, including the requirement for local counsel, and referred to the *pro hac vice* admission forms available on this Court's website. (*See* letter entered at Dkt. 4 in this case).

Among the many false claims Gentile has made in his effort to nullify and avoid paying of the Judgments entered by against him is the assertion that the form letter received from the Clerk of this Court notifying Plaintiffs' counsel of *pro hac vice* requirements upon registration of the Judgments in this District, somehow indicates that Plaintiffs' counsel is purportedly "engaged in the unauthorized practice of law" in Florida. Plaintiffs registered the Judgments pursuant to 28 U.S.C. §1963 and Judge Cote's Order and have complied with local *pro hac vice* requirements prior to appearing or submitting any filings in these proceedings.

**C. Gentile's Abscondment, the S.D.N.Y. Contempt Order and Warrant for His Arrest, and Gentile's Ongoing Judgment Avoidance Efforts**

Gentile has made every possible effort to avoid paying the Judgments and frustrate Plaintiffs' enforcement discovery and collection. Following a post-Judgment hearing held before

Judge Cote on Plaintiffs' motion to compel Gentile to respond to their enforcement subpoenas at which Gentile's counsel of record represented to the Court that he had no way of reaching his client (Dkt. 354), Judge Cote entered an order of contempt and a civil warrant for Gentile's arrest (Dkt. 341).

Gentile subsequently appeared *pro se* and purportedly from Dubai, claiming that he was prepared to appear in the Southern District of New York for a deposition by Plaintiffs' counsel, and Plaintiffs agreed to the entry of an order withdrawing the arrest warrant without prejudice to reinstatement if Gentile failed to appear as promised. (Dkt. 427.) When he indeed failed to appear by the agreed and ordered deadline, Plaintiffs moved for reinstatement of the bench warrant, which Magistrate Judge Lehrburger has recommended that the Court grant in an R&R presently under Judge Cote's review. (Dkt. 503.) Gentile has expressly refused to return to the Southern District of New York in compliance with the Court's order, and to Plaintiffs' knowledge, he has not since returned to the United States.

Gentile has not only avoided and attempted to thwart Plaintiffs' collection of the Judgments, but he has engaged in an active (though unsuccessful) campaign to undermine and nullify the Judgments and to punish Plaintiffs and their counsel for pursuing collection. These efforts have included: (1) moving for sanctions against Plaintiffs' counsel (denied, *see* Dkt. 427); (2) moving to have his own appeal vacated (Magistrate Judge Lehrburger's Report & Recommendation that the motion be denied is pending review by Judge Cote, *see* Dkt. 504); (3) suing Plaintiffs and their counsel for defamation in Puerto Rico (removed to federal court, then dismissed, *see Gentile-Nigro v. Lopez* et al., No. 3:25-cv-01573-ADC (D.P.R.), Order at Dkt. 12); (4) suing Plaintiffs and their counsel for defamation in Dubai (dismissed, with Gentile ordered to pay Plaintiffs' expenses).

Gentile has also sought to void enforcement proceedings based on a purported Dubai bankruptcy petition but has provided no evidence of any bankruptcy proceedings initiated or opened in Dubai. Gentile withdrew the motion that he filed in the S.D.N.Y. based on his purported Dubai bankruptcy but has continued to make the unsubstantiated claim that such a proceeding exists, despite Magistrate Judge Lehrburger's warning that any further motion to recognize a Dubai bankruptcy proceeding be accompanied by proof of such proceedings. (*See* Dkt. 502.) Gentile has attempted to circumvent Magistrate Judge Lehrburger's order by seeking to file a motion to dismiss the ancillary proceedings opened upon Plaintiffs' Registration of the Judgments in the District of Puerto Rico based on the same documents found insufficient to substantiate the claim that bankruptcy proceedings were ongoing in Dubai (the motion was rejected by the District of Puerto Rico court clerk for failure to comply with local requirements).

As further discussed below, Gentile has attempted to shield his assets from collection through the establishment of fraudulent and illegitimate trusts over which he exercises *de facto* control. Plaintiffs file this Motion to compel the production of documents and deposition testimony from Nicholas Abadiotakis, Gentile's trustee and a resident of this District.

## **THIS MOTION TO COMPEL**

### A. **Nicholas Abadiotakis' Relationship to Guy Gentile and This Case**

Nicholas Abadiotakis is an individual residing within this District, at 4156 Cedar Creek Circle, Lake Worth Florida 33467. Nicholas Abadiotakis serves as the "Trustee" of one or more trusts established by Gentile as settlor and/or pursuant to authority granted to his trustee, which are governed by Florida law, including the Stock USA Trust and the SUSA Trust. The Florida trusts include purported spendthrift and asset protection provisions.

Gentile is both the settlor and a beneficiary of the Stock USA Trust, with certain

powers to substitute and borrow assets from the trust, and to substitute the trustees. There is ample authority that the courts of the State of Florida (among other states, in conformity with the Restatement of Trusts) do not recognize and will not enforce spendthrift provisions of a so-called "self-settled" trust. Property held by such a trust is subject to claims of the Plaintiffs as Judgment Creditors of Gentile. *See U.S. v. Planes*, 656 F. Supp. 3d 1302, 1331 (M.D. Fla. 2023) ("The Florida Trust Code evidences a wariness about self-settled trusts, that is, a trust in which the settlor retains an interest as a beneficiary, because a self-settled trust is a foreseeable tool for abuse by a debtor eager to frustrate collection but retain the equitable rights to the debtor's property. The Florida Trust Code affords the creditor of a settlor-beneficiary elevated rights of collection, including the right to attach the settlor-beneficiary's interest in the trust, attach any distributions from the trust, and compel the trustee to distribute any assets the settlor-beneficiary has the right to demand.")

The SUSA Trust was established by Nicholas Abadiotakis as trustee of the Stock USA Trust, on behalf of and as authorized and directed by Gentile, in October 2023, following Magistrate Judge Lehrburger's Report & Recommendation of entry of Judgments for the Plaintiffs for a total of $12 million, plus pre-judgment interest and attorney's fees. Assets were transferred to the SUSA Trust in an attempt to shield those assets from the Judgments that Gentile anticipated would be and were entered for Plaintiffs. Nicholas Abadiotakis as Trustee of the Stock USA Trust is identified as both settlor and trustee of the SUSA Trust.

The SUSA Trust is the owner of real property at 321 South Dixie Highway, in Palm Beach County, Florida, which was formerly owned by the Stock USA Trust.

The SUSA Trust is also the owner of all shares of Mint Global Holdings, Inc. a Nevada corporation that is the parent company of SpeedTrader, Inc., a FINRA-registered broker and New York corporation currently operating and headquartered in Katonah, New York.

Ownership of Mint Global Holdings, Inc., and SpeedTrader, was transferred by the Stock USA Trust to the SUSA Trust in a "reversible transaction" in May 2024, two months after the Court entered the final Judgments in these cases. According to information and testimony given by SpeedTrader in response to Plaintiffs' enforcement subpoenas, Nicholas Abadiotakis has day-to-day involvement in SpeedTrader's operations, directly hired and oversees SpeedTrader's CEO, and directed the transfer of ownership of SpeedTrader from the Stock USA Trust to the SUSA Trust.

Nicholas Abadiotakis also appeared in the underlying cases by way of an Affidavit he submitted in support of Gentile's objections to Magistrate Judge Lehrburger's Report & Recommendation of entry of Judgments for the Plaintiffs. In his Affidavit, Nicholas Abadiotakis misleadingly identified himself only as a purported "satisfied customer" of Gentile's former Bahamian brokerage (and former co-Defendant), Mintbroker, Ltd. (now dissolved), and did not mention his role as Gentile's trustee. (Dkt. 257.) This omission is even more glaring given that Nicholas Abadiotakis was then taking actions as Gentile's trustee to transfer assets held by Gentile's trusts.

Nicholas Abadiotakis is the owner of two active Florida entities: Instant X Trader Inc., and BCG Holdings LLC. Instant X Trader is the recipient of funds transferred by Gentile while these actions were pending and after the issuance of Magistrate Judge Lehrburger's Report & Recommendation of entry of Judgments in these cases. BCG Holdings was formed in January 2025, 10 months after final Judgments were entered for the Plaintiffs. Plaintiffs intend to discover, including by deposing Nicholas Abadiotakis as this Motion seeks to compel, whether one or both entities were formed or are managed by Nicholas Abadiotakis as Gentile's trustee, or otherwise at Gentile's direction or for his benefit.

**B. Plaintiffs' Subpoenas to Nicholas Abadiotakis**

Plaintiffs served their original Restraining Notice, Information Subpoena, and Subpoena Duces *Tecum* dated July 19, 2024, on Nicholas Abadiotakis by email and certified mail, with follow up service by mail, and by personal delivery on July 25, 2024. (Ex. A.) The Notice and Subpoenas were addressed to Nicholas Abadiotakis individually, and as trustee of the SUSA Trust and owner and managing agent of Instant X Trader Inc. On September 7, 2024, Nicholas Abadiotakis sent Plaintiffs a Declaration stating that Gentile had no interest in either the SUSA Trust or Instant X Trader. (Ex. B.)

On March 17, 2025, Plaintiffs sent a letter advising Nicholas Abadiotakis of their intent to take his deposition (Ex. C.), which was followed by service of an additional Document Subpoena and Deposition Notice by certified mail on April 7, 2025, and personal service on May 14, 2025. (Ex. D.)

**C. Plaintiffs Were Directed to File This Motion in This District**

Plaintiffs previously filed a motion to compel Nicholas Abadiotakis to respond to their outstanding document and deposition subpoenas in the main S.D.N.Y. enforcement proceedings, which have been referred to Magistrate Judge Lehrburger. Plaintiffs sought to compel compliance in the S.D.N.Y. based on Nicholas Abadiotakis' contacts with that District as New York broker SpeedTrader's *de facto* manager, and by submitting an Affidavit in support of Gentile's positions in the underlying S.D.N.Y. action. (Dkt. 441.)

Counsel for Nicholas Abadiotakis appeared in the S.D.N.Y. enforcement proceedings and opposed Plaintiffs' motion to compel for lack of jurisdiction over him as a Florida resident and non-party. Magistrate Judge Lehrburger denied Plaintiffs' motion "without prejudice insofar as enforcement of the subpoena should be pursued in the Southern District of Florida where

Mr. Abadiotakis resides, and Plaintiffs previously registered the judgments at issue in this case." (Dkt. 449.) Plaintiffs now file their Motion in this Court as instructed.

## ARGUMENT

### A. Broad Enforcement Discovery Is Permitted in Support of Judgments Registered in This District

28 U.S.C. §1963 provides:

> "A judgment in an action for the recovery of money or property entered in any [] district court [] may be registered by filing a certified copy of the judgment in any other district [] when the judgment has become final [] or when ordered by the court that entered the judgment for good cause shown. …. A judgment so registered shall have the same effect as a judgment of the district court [] where registered and may be enforced in like manner. … The procedure prescribed under this section is in addition to other procedures provided by law for the enforcement of judgments."

F.R.C.P 69(a)(2) provides:

> "**Obtaining Discovery.** In aid of the judgment or execution, the judgment creditor [] may obtain discovery from any person—including the judgment debtor—as provided in these rules [i.e., the F.R.C.P.] or by the procedure of the state where the court is located."

Judgment creditors in Florida, as elsewhere, are "allowed broad discovery into the debtor's finances … even if the discovery concerns property jointly owned with others." *STG Secure Trading Grp., Inc. v. Solaris Opportunity Fund, LP*, No. 06-81018-CIV, 2007 WL 3131335, at *2 (S.D. Fla. Oct. 24, 2007) (quoting *Jim Appley's Tru-Arc, Inc. v. Liquid Extraction Systems, L.P.,* 526 So. 2d 177, 179 (Fla. 2d DCA 1988)) (judgment creditor entitled to discovery to substantiate and/or refute assertion that property was owned by debtor's spouse).

Where a judgment is registered pursuant to §1963, discovery in aid of execution is compelled to the same extent as if the judgment was entered by a court in this District, as the statute provides. *De Vos & Co. v. Gabe Corp.*, No. 90-1490-CIV-PAINE, 1991 WL 161363, at *1 (S.D. Fla. Aug. 12, 1991) (denying motion to quash enforcement subpoena in aid of registered

judgment, noting that courts are to enforce registered judgments without entertaining challenges to the merits or validity of the underlying judgment entered by another district court).

Courts in this District compel discovery from third parties, including documents and deposition testimony from a judgment debtor's attorneys, to investigate payments from judgment debtors in aid of enforcement of judgments registered pursuant to §1963. *See Rainey v. Taylor,* No. 18-24802-MC, 2019 WL 13153761, at *1 (S.D. Fla. Sept. 5, 2019).

Plaintiffs seek to compel discovery from Nicholas Abadiotakis, Gentile's longtime trustee, including documents within his possession, custody, and control, and his deposition, regarding trusts in which Plaintiffs contend Gentile has a beneficial ownership interest subject to execution, and to investigate the source and reason for payments and other transfers by Gentile to Nicholas Abadiotakis, or accounts under his control, including payments since the entry of the Judgments or for the purpose of avoiding Plaintiffs' collection of the Judgments.

Plaintiffs are entitled to this broad financial discovery under Rule 69(a)(2) as creditors of a final judgment entered by the Southern District of New York and registered in this District for good cause shown as ordered by Judge Cote pursuant to §1963. This Motion should be granted.

### B. Discovery From Nicholas Abadiotakis Is Needed to Determine Whether There Are Assets Subject to Execution Within This District

F.R.C.P. 69(a)(1) provides:

> "(1) **Money Judgment; Applicable Procedure.** A money judgment is enforced by a writ of execution, unless the court directs otherwise. The procedure on execution—and in proceedings supplementary to and in aid of judgment or execution—must accord with the procedure of the state where the court is located, but a federal statute governs to the extent it applies."

Florida law permits judgment creditors, including judgment creditors with judgments "domesticated" in Florida by §1963 registration, to initiate proceedings supplementary

to execution of judgments, in which "among other things, the Court may order that the property of the judgment debtor held by third parties be applied toward satisfaction of the judgment debt and consider any claims brought by the judgment creditor under Florida's Uniform Fraudulent Transfer Act. Fla. Stat. §56.29(5)." *Indep. Bank of W. Mich. v. Devecht*, No. 13-21753-MC, 2020 WL 9460233, at *2 (S.D. Fla. Jan. 22, 2020), *R&R adopted*, No. 13-21753-CIV, 2020 WL 9460220 (May 6, 2020) (granting motion to commence proceedings supplementary to execution to implead purchasers of property allegedly fraudulently sold by judgment debtors through shell companies to avoid judgment collection efforts); *see also Reiseck v. Universal Comms. of Miami, Inc.,* 141 F. Supp. 3d 1295, 1303–04 (S.D. Fla. 2015) (district courts are authorized under F.R.C.P. 69 and §1963 to conduct ancillary "supplementary proceedings" in aid of execution of registered judgments to void allegedly fraudulent transfers to trusts pursuant to Fla. Stat. §56.29)

Following §1963 registration in Florida district courts, judgment creditors are also entitled to a "writ of garnishment" under Florida law, making a "garnishee liable for all debts due by him or her to defendant and for any tangible or intangible personal property in the garnishee's possession or control at the time of service of the writ." *Tempur-Pedic N. Am., LLC v. SOS Furniture Co.*, No. 20-MC-22441-KMM, 2021 WL 2689388, at *3 (S.D. Fla. Mar. 8, 2021), *R&R adopted,* No. 1:20-MC-22441-KMM, 2021 WL 2682273 (June 29, 2021) (quoting Fla. Stat. §77.01, *et. seq.)*

Plaintiffs anticipate that the documents and deposition testimony sought from Nicholas Abadiotaks will inform whether there is a basis for Plaintiffs to initiate proceedings supplementary to execution in this District or whether Nicholas Abadiotakis or others in this District are in "possession or control" of assets owned by Gentile in this District that may be subject to garnishment.

**CONCLUSION**

The Motion should be granted. Nicholas Abadiotakis should be ordered to produce documents and appear for a deposition within 30 days.

Dated: March 16, 2026

Respectfully submitted,

*/s/ Rachel Micah-Jones*
Rachel Micah-Jones
Rachel Micah-Jones, Esq.
Fl. Bar ID # 693170
(214) 796-7306
rachel.micahjones@gmail.com
*Local Counsel for Plaintiffs/Judgment Creditors*

Miriam Tauber
(admitted *pro hac vice*)
MIRIAM TAUBER LAW PLLC
(323) 790-4881
MiriamTauberLaw@gmail.com
*Counsel for Plaintiffs/Judgment Creditors*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 16, 2025, I sent copies of the foregoing Motion to Compel Non-Party Discovery:

- **To Defendant/Judgment Debtor Guy Gentile**, by email to the email address at which Gentile has consented to receive ECF notices as a *pro se* litigant in the main S.D.N.Y. enforcement proceedings: fightfightfigth@proton.me

- **To Non-Party Nicholas Abadiotakis,** by email to his counsel who appeared in the main enforcement proceedings to oppose this Motion when previously filed in the S.D.N.Y.:

  Joseph Lipari (Managing Partner, Sultzer & Lipari)
  Liparij@TheSultzerLawGroup.com

Miriam Tauber
*Counsel for Plaintiffs/Judgment Creditors*