**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

AVALON HOLDINGS CORP., **Case No. 1:24-mc-23707**

Plaintiff,

v.

GUY GENTILE,

Defendant.
_____________________________________/

Related to:

NEW CONCEPT ENERGY, INC.,

Plaintiff,

v.

GUY GENTILE,

Defendant.
_______________________________________/

**NON-PARTY NICHOLAS ABADIOTAKIS'S**
**RESPONSE IN OPPOSITION TO MOTION TO COMPEL,**
**MOTION TO QUASH, AND MOTION FOR PROTECTIVE ORDER**

NICHOLAS ABADIOTAKIS, individually and as Trustee of THE SUSA TRUST ("Mr. Abadiotakis" or the "Trustee"), through undersigned counsel, files this Response in Opposition to Plaintiff's Motion to Compel Nick Abadiotakis to Produce Records and Sit for Deposition, and pursuant to Federal Rule of Civil Procedure 45(d) moves to quash the subpoena duces tecum issued by Avalon Holdings Corp. (the "Subpoena"), and in support states:

## FACTUAL BACKGROUND

1. On March 20, 2024, Avalon Holdings Corp. ("Avalon") obtained judgment in its favor in Case No. 18-cv-7291 (DLC) in the United States District Court for the Southern District of New York against judgment debtor Guy Gentile.

2. On May 1, 2025, Avalon issued a subpoena duces tecum commanding the appearance of Nicholas Abadiotakis, as trustee of The SUSA Trust, for deposition and production of documents relating to alleged bank accounts, real property, intellectual property, cryptocurrencies, and other assets purportedly associated with Guy Gentile.

3. Plaintiff's motion seeks to compel compliance with that subpoena in this Court even though, as set forth below, the subpoena is facially defective, was not validly issued or served, seeks vast amounts of irrelevant and confidential information, and imposes an undue burden upon a non-party trustee.

4. The motion is further defective because it seeks affirmative relief through a matter that is closed and has never been properly reopened before the subpoena practice at issue was undertaken. Plaintiff thus seeks to enforce a stale and defective subpoena through an improper procedural vehicle.

5. Moreover, at the time the subpoena was issued, Plaintiff's counsel had not yet been admitted to practice in this Court and had not been admitted pro hac vice in Florida. The subpoena was therefore issued without contemporaneous authority under Rule 45(a)(3), and that defect cannot be retroactively cured by later admission or later motion practice.

## LEGAL STANDARD

6. Federal Rule of Civil Procedure 45(d)(3) specifies when a court should, or must, quash a subpoena to a third-party. "The applicable legal standard depends on the nature of the documents called for by the subpoena." *In re Subpoena Dated June 18, 2020*, No. 20-MC-82327-BER, 2021 WL 7540812, at *3 (S.D. Fla. Apr. 14, 2021). A Court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii)–(iv).

7. The objecting party bears the burden of establishing that (1) the requested materials are privileged, otherwise legally protected, or confidential research, development, or commercial information or that (2) compliance would entail an undue burden. *Id.*; *McNamara v. Gov't Employees Ins. Co.*, 8:17-CV-3060-T-23CPT, 2018 WL 8193869, at *2 (M.D. Fla. Dec. 21, 2018). Although the objecting party must establish it is entitled to the relief, Rule 45(d)(3) explicitly places the burden on the party serving the subpoena to show a substantial need for the materials that cannot otherwise be met without undue hardship. *See In re Subpoena*, 2021 WL 7540812, at *3. "With regard to the burden imposed on non-parties in responding to discovery requests, courts consider the following factors: relevance, the requesting party's need for the documents, the breadth of the document request, and the time period covered by the request." *Great Am. Ins. Co. v. Veteran's Support Org.*, 166 F. Supp. 3d 1303, 1310 (S.D. Fla. 2015) (quoting *Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, 295 F.R.D. 517, 521 n. 2 (N.D. Fla. 2013)). "In balancing the need for discovery against the burden imposed on the person from whom documents are sought 'the status of a person

as a non-party is a factor that weighs against disclosure.'" *Id.* Because Mr. Abadiotakis is a non-party trustee, the Court must apply Rule 45 with particular solicitude. See Hatala v. Sustainable Concepts Dev., LLC, 2022 U.S. Dist. LEXIS 74833, at *4 (S.D. Fla. Apr. 25, 2022); Bailey Indus. Inc. v. CLJP, Inc., 270 F.R.D. 662, 667 (N.D. Fla. 2010). The non-party status of the subpoena recipient weighs heavily in the undue-burden analysis, particularly where the subpoena seeks sensitive financial and trust-related information. See Westchester Surplus Lines Ins. Co. v. Portofino Masters Homeowners Ass'n, 2023 U.S. Dist. LEXIS 229010, at *9.

8. Although Rule 45 does not identify irrelevance or overbreadth as grounds for quashing a subpoena, courts treat the scope of discovery under a subpoena the same as the scope of discovery under Rule 26. *Coleman v. Lennar Corp.*, No. 18-MC-20182, 2018 WL 3672251 (S.D. Fla. June 14, 2018). Under Rule 26, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). When discovery appears relevant on its face, "the party resisting the discovery has the burden to establish facts justifying its objections by demonstrating that the requested discovery (1) does not come within the scope of relevance as defined under Fed. R. Civ. P. 26(b)(1) or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." *Wagner v. Viacost.com*, No. 06-81113-CIV, 2007 WL 1879914, at *1 (S.D. Fla. June 29, 2007). But "when relevancy is not apparent, the burden is on the party seeking discovery to show the relevancy of the discovery request." *Am. Fed'n of State, Cnty. & Mun. Emps. (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 477 (S.D. Fla. 2011) (quoting *Dean*

*v. Anderson*, 2002 WL 1377729, at *2 (D. Kan. June 6, 2002)). Here, Plaintiff is seeking to use the Subpoena for improper purposes and for matters unnecessary and unrelated to the instant matter. The Subpoena, therefore, must be quashed.

## LEGAL ARGUMENT

### A. THE MOTION TO COMPEL SHOULD BE DENIED BECAUSE IT SEEKS AFFIRMATIVE RELIEF IN A CLOSED CASE AND RELIES ON A SUBPOENA ISSUED WITHOUT LEGAL AUTHORITY

9. Plaintiff's Motion to Compel should be denied because it seeks coercive, affirmative relief from this Court in connection with a matter that was closed and never properly reopened. Federal courts do not retain free-floating authority to grant fresh affirmative relief after a case has been terminated absent retained jurisdiction, reopening, or some other recognized post-judgment basis. See Anago Franchising, Inc. v. Shaz, LLC, 677 F.3d 1272, 1278, 1280–81 (11th Cir. 2012). Where the case was dismissed and jurisdiction was not retained, the district court lacks jurisdiction to consider a later motion to compel. Id.

10. The finality problem is compounded here by the fact that the subpoena itself was not validly issued in the first place. Rule 45(a)(3) provides that an attorney may issue and sign a subpoena only if the attorney is authorized to practice in the issuing court. The rule is written in the present tense and requires contemporaneous authority at the time of issuance. Rule 45 does not provide for retroactive validation or cure of a subpoena issued without authority. Thus, if Plaintiff's counsel was not admitted to practice in this Court and had not been admitted pro hac vice when the subpoena was drafted, signed, and issued, the subpoena was void ab initio.

11. That conclusion is reinforced by the unauthorized-practice principles. Florida courts have recognized that legal papers drafted, signed, or filed by one not authorized to practice law are void or unenforceable as a matter of public policy. See The Florida Bar v. Rapoport, 845 So. 2d 874 (Fla. 2003); Morrison v. West, 30 So. 3d 561 (Fla. 4th DCA 2010); Vista Designs, Inc. v. Silverman, 774 So. 2d 884 (Fla. 4th DCA 2001). Although those authorities arise in the unauthorized-practice context, the principle applies with particular force here because a subpoena is not a private request but a formal exercise of judicial power.

12. Later pro hac vice admission cannot retroactively validate actions taken before admission. Rule 45(a)(3) requires authority at issuance. A later admission order may govern future appearances, but it does not retroactively transform a null instrument into a valid subpoena. Nor can a motion to compel revive a subpoena that was void when issued. A court may reopen an active matter in appropriate circumstances, but it cannot reopen a nullity and compel compliance with legally invalid process.

13. Plaintiff's motion should therefore be denied on this threshold basis alone. Plaintiff seeks to enforce a subpoena in a closed matter, through stale process, and on an instrument issued without contemporaneous legal authority. That is procedurally improper and substantively defective.

## B. THE SUBPOENA SHOULD BE QUASHED BECAUSE IT IS FACIALLY DEFICIENT

14. The subpoena is facially defective because it fails to specify a valid place of compliance. Rule 45(a)(1)(A)(iii) requires every subpoena to command attendance or

production at a specified time and place. The subpoena here commands Mr. Abadiotakis to appear "virtually (e.g. by Zoom), or at a place and time in the manner agreed-upon prior to the deposition date" and to produce documents "at such time and place," without identifying any physical location for either deposition or production. That does not satisfy Rule 45. See In re LaRosa, 2025 Bankr. LEXIS 901, at *3 (Bankr. M.D. Fla. Apr. 3, 2025); Maxim Healthcare Staffing Servs., Inc. v. Snapnurse, Inc., 2023 U.S. Dist. LEXIS 249126, at *2–3 (N.D. Ga. Mar. 23, 2023).

15. The only address on the face of the subpoena is counsel's New York address. To the extent that address is deemed the place of compliance, the subpoena separately violates Rule 45(c)(2), which limits compliance to within 100 miles of where the subpoenaed person resides, is employed, or regularly transacts business in person. See Metro. Life Ins. Co. v. Liebowitz, 2020 U.S. Dist. LEXIS 242092, at *3 (S.D. Fla. Dec. 22, 2020); Collins v. Koch Foods, Inc., 2019 U.S. Dist. LEXIS 101798, at *6 (S.D. Ga. June 18, 2019).

16. A subpoena which is void at issuance, facially defective as to place of compliance, and issued through unauthorized counsel is not merely irregular; it is non-enforceable process that should be quashed, not repaired through after-the-fact motion practice[1].

---

[1] *See also McCabe v. Conair LLC,* 2025 U.S. Dist. LEXIS 183760, *4 (E.D.N.Y. Sep. 18, 2025). ("Plaintiff's subpoena . . . simply lists that the location is a place '[t]o be [d]etermined.' The subpoena is therefore facially void in relation to the subpoenaed deposition and production.") (internal citations omitted); *House v. Wayne USA Co. Ltd*., 2024 U.S. Dist. LEXIS 176249, 2024 WL 4334404, at *2 (E.D.N.Y. Sept. 27, 2024) (granting motion to quash third-party subpoena because "Plaintiff's subpoenas to the Non-Parties . . . only provide videoconferencing access information, and are therefore facially void in relation to the subpoenaed testimony and productions."); *Fed. Ins. Co. v. Tungsten Heavy Powder & Parts, Inc*., 2022 U.S. Dist. LEXIS 127870, 2022 WL 2820667, at *7-9 (S.D. Cal. July 18, 2022) (denying motion to compel where the place of compliance was identified as Zoom); *Flores-Kemmerer v. Portfolio Recovery Associates, LLC*, 2022 WL 612334, at *1 (S.D. Ind. Mar. 2, 2022) (stating that "[a]lthough videoconference depositions have become more prevalent during the recent COVID-19 pandemic and are oftentimes more convenient for counsel and witnesses, absent agreement between the parties, a deposition may be conducted remotely only by court order"); *Chavez v. Allstate Northbrook Indemnity Co*., 2025 WL 885055, at *5, n.4 (S.D. Cal. Jan. 31, 2025) (stating that Zoom "refers to the method for taking the deposition, not a place"); *Frobe v. UPMC St. Margaret*, 2021 U.S. Dist. LEXIS 129924, 2021 WL 9628848, at *2 (W.D. Pa. July 13, 2021) (stating that Zoom is not a place); *CSS, Inc. v. Herrington*, 354 F. Supp.3d 702, 709 (N.D. Tex. 2017) (stating that under Rule 45, "the place of compliance must be a physical 'place' subject

## C. THE SUBPOENA IS OVERBROAD, SEEKS IRRELEVANT INFORMATION, AND IMPOSES UNDUE BURDEN ON A NON-PARTY TRUSTEE

17. Rule 69(a)(2) does not permit boundless third-party discovery. Although post-judgment discovery may be broad, it must still be directed to identifying or obtaining assets of the judgment debtor. See Talentscale, Inc. v. Aery Aviation, LLC, 2025 U.S. Dist. LEXIS 206984, at *7–8 (N.D. Fla. Oct. 6, 2025); Advanced Body Care Solutions v. Thione Int'l, 2009 U.S. Dist. LEXIS 148061, at *7 (S.D. Fla. Oct. 26, 2009). Subpoenas directed to third parties are generally limited to information concerning the judgment debtor's assets. Id.

18. Here, the subpoena requests are breathtakingly broad. They seek "all records," "any and all records," or broad categories of books, accounts, statements, correspondence, memoranda, transfer records, tax materials, insurance documents, intellectual-property information, precious-metals records, artwork, jewelry, and educational materials. Such requests are facially overbroad, particularly when directed to a non-party trustee who would be required to search and review trust files, business records, communications, and private information belonging to third parties. See Sheets v. Sorrento Villas, Section 5, Ass'n, Inc., 2016 WL 11493318, at *3 (M.D. Fla. May 9, 2016);

19. In addition, several categories have little or no demonstrated connection to the legitimate purpose of Rule 69. Requests relating to educational and professional degrees, generalized intellectual-property holdings, artwork, jewelry, or other assets

---

to 'geographical limits' and capable of being measured according to mileage"); *Capana Swiss Advisors AG v. Rymark Inc.*, 2025 U.S. Dist. LEXIS 29070, 2025 WL 549357, at *7 (E.D. La. Feb. 19, 2025) (stating that a Zoom "link is the method for taking the deposition, not the physical 'place of compliance'").

not limited to those actually owned by Guy Gentile exceed the natural focus of execution discovery.

20. Because Mr. Abadiotakis is a non-party, Plaintiff's relevance showing must be especially strong. It is not. Instead, Plaintiff seeks to rummage through trust and business materials based on speculation, thereby imposing the very kind of significant expense and burden Rule 45 is designed to prevent. See Klay v. All Defendants, 425 F.3d 977, 984 (11th Cir. 2005).

**D. THE SUBPOENA SEEKS PROTECTED, CONFIDENTIAL, AND COMMERCIALLY SENSITIVE INFORMATION**

21. The subpoena further reaches documents that are likely to contain attorney-client communications, accountant-related materials, confidential commercial information, trade secrets, non-public financial information, and protected trust-administration materials. The breadth of the requests, particularly those seeking correspondence, memoranda, and writings relating to transfers, business operations, or ownership, creates a substantial risk of compelling privileged or confidential matter. (*Id.* at 1). Plaintiffs do not need to know this breadth of information, and the subject requests amount to an improper fishing expedition. *See Network Computing Servs. Corp v. Cisco Sys., Inc.*, 223 F.R.D. 392, 395 n.5 (D.S.C. 2004) ("Even if one is entitled to embark on a fishing expedition, one must at least use 'rod and reel, or even a reasonable sized net [, not] drain the pond and collect the fish from the bottom.'"); see *also R. Ernest Cohn, D.C., D.A.B.C.O. v. Bond*, 953 F.2d 154, 159 (4th Cir. 1991). Allowing Plaintiffs to "drain the pond" as they seek to do would also require

the disclosure of sensitive and confidential financial information—a harm accompanied by no benefit to Plaintiffs.

22. Rule 45(d)(3)(B) specifically states a subpoena seeking such information is subject to being quashed or modified where the subpoena is seeking confidential commercial information. That concern is particularly acute here because the subpoena targets a trustee involved in business and trust administration, not merely a passive witness with isolated documents.

**E. IN THE ALTERNATIVE, THE COURT SHOULD ENTER A PROTECTIVE ORDER AND AWARD FEES OR OTHER APPROPRIATE RELIEF**

23. If the Court determines that some discovery may proceed, the Court should enter a protective order imposing strict subject-matter limitations, narrowing any temporal scope, requiring confidentiality protections, and shifting costs to the extent appropriate. At a minimum, any permissible discovery should be limited to concrete information directly tied to current assets of the judgment debtor and should exclude generalized trust administration, business operations, privileged materials, and confidential commercial information.

24. Finally, Trustee requests relief under Rule 45(d)(1), which provides that the court must impose an appropriate sanction on a party or attorney who fails to take reasonable steps to avoid imposing undue burden or expense. Plaintiff's use of an invalid subpoena, coupled with later attempts to compel compliance through facially defective and stale process, supports an award of fees and expenses incurred in responding to the subpoena and motion. Mr. Abadiotakis therefore respectfully reserves and requests

such relief as the Court deems proper under Rule 45(d)(1), the Court's inherent authority, and any other applicable basis.

**F. THE COURT SHOULD NOT REOPEN OR OTHERWISE REVIVE THIS MATTER BECAUSE PLAINTIFFS' FLORIDA ENFORCEMENT EFFORTS REFLECT HARASSMENT, MISUSE OF PROCESS, AND AN IMPROPER ATTEMPT TO LEVERAGE JUDICIAL POWER WITHOUT VALID AUTHORITY**

Plaintiffs should not be permitted to reopen, revive, or otherwise use this Court as a vehicle to continue pursuing stale and defective enforcement efforts against Mr. Abadiotakis. The record reflects not a good-faith, properly authorized effort to obtain lawful discovery, but a pattern of coercive conduct, threats, and attempted use of judicial machinery against a Florida non-party trustee despite the absence of valid authority to do so.

The correspondence submitted in this matter demonstrates that Plaintiffs' counsel along with its co-cousnel David Lopez, repeatedly attempted to pressure Mr. Abadiotakis through threats of compulsion, contempt, and law-enforcement process. In the September 25, 2024 letter, Lopez stated that the subpoena had been served "through your joint home … by the Palm Beach County Sheriff's Office," asserted that Mr. Abadiotakis was "in default of compliance," threatened to move to compel and hold him "in contempt of court and sanctioned accordingly," and emphasized in all capital letters that "COMPLIANCE IS NOT OPTIONAL. COMPLIANCE IS MANDATORY." The letter further enclosed an order relating to the arrest of Guy Gentile, plainly invoking that arrest-related context as part of the pressure tactic directed to the Trustee.

The March 17, 2025 follow-up letter continued the same pattern. In that letter, Lopez told Mr. Abadiotakis that because arrest warrants were outstanding for Mr. Gentile, counsel would "use whatever legal compulsion is needed," and further warned that if Mr. Abadiotakis did not cooperate, his "personal appearance will be compelled." Read together, the letters reflect an escalating effort to use the specter of sheriff service, contempt, arrest-related proceedings, and compulsory appearance to pressure a Florida trustee into compliance.

That is especially improper here because Plaintiffs' own course of conduct shows that Mr. Abadiotakis had already cooperated and had already denied the very premise underlying Plaintiffs' demands. In his October 2, 2024 response, Mr. Abadiotakis stated that he had already cooperated by responding to the subpoena previously left with Lauren McCoy and enclosed proof of delivery. The same submission includes his September 7, 2024 declaration, executed under penalty of perjury, stating that Guy Gentile "is not, and has never been" an owner of InstantXTrader Inc. and "is not, and has never been, a grantor, trustee, co-trustee, beneficiary, or trust protector of The SUSA Trust." Thus, rather than proceed on an actual evidentiary basis showing noncompliance or concealed assets, Plaintiffs continued to threaten compulsion and sanctions after the Trustee had already responded and had expressly denied any involvement of Guy Gentile with the SUSA Trust.

Against that backdrop, reopening or reviving this matter would reward the very conduct Rule 45 is designed to prevent. Rule 45(d)(1) imposes a mandatory duty on the issuing party and counsel to take reasonable steps to avoid imposing undue burden or

expense on a subpoenaed person. Plaintiffs' conduct, as reflected in the letters, did the opposite. Instead of narrowly tailoring any lawful discovery effort, counsel invoked sheriff service, contempt, sanctions, compulsory appearance, and arrest-related pressure against a non-party Florida trustee while relying on process that Defendant contends was not validly issued in the first place. That is not an equitable basis on which to ask this Court to reopen or reactivate proceedings.

Nor should the Court exercise its discretion to reopen matters simply to facilitate continued harassment. Even if the Court has administrative discretion over its docket, that discretion should not be used to breathe life into stale process where the surrounding record reflects coercive tactics, repeated attempts to pressure a non-party trustee, and an absence of a properly issued and enforceable subpoena. A reopening under these circumstances would prejudice Mr. Abadiotakis, encourage misuse of judicial process, and signal that counsel may proceed first through threats and defective enforcement tactics and only later attempt to obtain judicial approval.

Accordingly, the Court should decline to reopen this matter, deny any relief premised on reopening, and refuse to lend judicial assistance to Plaintiffs' continued efforts to harass Mr. Abadiotakis through defective, coercive, and procedurally improper enforcement tactics.

WHEREFORE, Non-Party Nicholas Abadiotakis, individually and as Trustee of The SUSA Trust, respectfully requests that this Court deny Plaintiff's Motion to Compel, quash the subpoena, enter an appropriate protective order to the extent any discovery is permitted,

award fees and expenses as authorized by Rule 45(d)(1) and other applicable authority, and grant such other and further relief as the Court deems just and proper.

Dated: March 30, 2026

Respectfully submitted,

**BERKELEY LAW P.A.**
10600 Griffin Road
Suite 104
Cooper City, Florida 33328
Telephone: 954-719-3484

By: /s/ Lorne E. Berkeley
LORNE E. BERKELEY, ESQ.
Florida Bar No. 146099
Lorne@BerkeleyLawFL.com
LegalAssistant@BerkeleyLawFL.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on March 30, 2026, I electronically filed the foregoing document through CM/ECF, which will cause a copy of the document to be served, by Notice of Electronic Filing, on all parties and counsel of record.

By: */s/ Lorne E. Berkeley, Esq.*
LORNE E. BERKELEY, ESQ.