**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

AVALON HOLDINGS CORP.,
and NEW CONCEPT ENERGY, INC.,
**Plaintiffs,**

**Case No. 1:24-mc-23707**

**Related Case No. 1:24-mc-23709**

v.

GUY GENTILE,
**Defendant.**
____________________________________/

Related to:

NEW CONCEPT ENERGY, INC.,
**Plaintiff,**

v.

GUY GENTILE,
**Defendant.**
____________________________________/

**NON-PARTY NICHOLAS ABADIOTAKIS'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR 1-WEEK ADJOURNMENT OF HEARING**

Non-Party Nicholas Abadiotakis ("Mr. Abadiotakis"), individually and as Trustee of The SUSA Trust, through undersigned counsel, files this Response in Opposition to Plaintiffs' Motion for 1-Week Adjournment of Hearing and states:

1. Plaintiffs seek to continue the hearing presently set for May 22, 2026 on their Motion to Compel Non-Party Discovery based solely on scheduling inconvenience to Plaintiffs' local counsel arising from personal travel plans over Memorial Day weekend.

2. The requested continuance should be denied. Under Local Rule 7.6 of the Southern District of Florida, a continuance of a hearing will be granted only on exceptional circumstances and upon a full showing of good cause. Personal travel plans, standing alone, do not constitute

exceptional circumstances, particularly where Plaintiffs are represented by multiple attorneys and where alternative means of appearance may be available.

3. This matter concerns an intrusive motion to compel directed at a non-party trustee. Mr. Abadiotakis has already been subjected to enforcement demands, subpoena activity, letters threatening compulsion and sanctions, and related harassment for well over a year. He is entitled to have the pending discovery dispute resolved as promptly as possible rather than pushed further down the road at Plaintiffs' convenience.

4. The Court should also consider the burden and inconvenience imposed on non-parties. Rule 45 expressly requires the issuing party and counsel to take reasonable steps to avoid imposing undue burden or expense on the subpoenaed person, and the Court must enforce that duty. Fed. R. Civ. P. 45(d)(1). Plaintiffs' requested adjournment continues the burden on a non-party who has already had to expend time and resources opposing discovery that he contends should never have been sought in the first place.

5. Plaintiffs' own filings confirm that they are represented not only by local counsel, but also by New York counsel admitted pro hac vice. Their request therefore rests not on any true inability to proceed, but simply on a preference that local counsel attend in person notwithstanding existing travel plans.

6. If Plaintiffs believe local counsel's physical presence is important, there are alternatives short of adjournment. Plaintiffs may seek leave for one or more counsel to appear remotely by Zoom or other video means if the Court permits. That option would avoid further delay while preserving the scheduled hearing date and minimizing continued burden on the non-party.

7. This is particularly appropriate because the underlying motion seeks to compel production of trust and financial materials from a non-party trustee, and the dispute has already been fully briefed. Delaying the hearing serves no legitimate purpose other than extending the period during which Mr. Abadiotakis remains subject to uncertainty, expense, and continued litigation pressure.

8. Plaintiffs chose to file the motion to compel, chose the timing of that motion, and have had ample time to prepare for the hearing. Having initiated the relief they seek against a non-party, Plaintiffs should not now be permitted to postpone resolution simply because the scheduled hearing date is inconvenient for one attorney.

9. For all of these reasons, Plaintiffs have not shown exceptional circumstances or sufficient good cause to justify a continuance, and the Court should deny the motion.

**WHEREFORE,** Non-Party Nicholas Abadiotakis respectfully requests that the Court deny Plaintiffs' Motion for 1-Week Adjournment of Hearing, keep the hearing set for May 22, 2026, and grant such other and further relief as the Court deems just and proper.

Dated: May 20, 2026

Respectfully submitted,

BERKELEY LAW, P.A.
Counsel for Non-Party Nicholas Abadiotakis
10600 Griffin Road, Suite 104
Cooper City, Florida 33328
Telephone: (954) 719-3484
Lorne@BerkeleyLawFL.com
LegalAssistant@BerkeleyLawFL.com

By: /s/ Lorne E. Berkeley
LORNE E. BERKELEY, ESQ.
Florida Bar No. 146099

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 20, 2026, a true and correct copy of the foregoing was filed through CM/ECF and served on all counsel of record in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

By: /s/ Lorne E. Berkeley
LORNE E. BERKELEY, ESQ.