**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

| | |
|---|---|
| AVALON HOLDINGS CORP., Plaintiff, v. GUY GENTILE, Defendant. | No. 24-mc-23707<br>Miscellaneous action relating to:<br>No. 18-CV-7291 (DLC) (RJL) (S.D.N.Y.) |

Related to:

| | |
|---|---|
| NEW CONCEPT ENERGY, INC., Plaintiff, v. GUY GENTILE, Defendant. | No. 24-mc-23709<br>Miscellaneous action relating to:<br>No. 18-CV-8896 (DLC) (RJL) (S.D.N.Y.) |

**SUPPPLEMENTAL REPLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL**

1. **Plaintiffs are entitled to discovery of Guy Gentile's "sensitive financial information" as his Judgment Creditors.**

Nicholas Abadiotakis claims that Plaintiffs have not satisfied their burden of demonstrating a need for further documents containing Guy Gentile's "sensitive financial information" and for Abadiotakis' deposition.

Plaintiffs' burden is met as $16 million Judgment Creditors of Guy Gentile, Plaintiffs' have established the need for discovery of Gentie's "sensitive financial information." See, e.g., STG Secure Trading Grp., Inc. v. Solaris Opportunity Fund, LP, No. 06-81018-CIV, 2007 WL 3131335, at *2 (S.D. Fla. Oct. 24, 2007) (Judgment creditors are "allowed broad discovery into the debtor's finances … even if the discovery concerns property jointly owned with others").

Because Gentile has absconded, Plaintiffs are constrained and entitled to pursue this broad financial discovery from third parties. *See Rainey v. Taylor,* No. 18-24802-MC, 2019 WL 13153761, at *1 (S.D. Fla. Sept. 5, 2019) (judgment debtor's attorneys compelled to produce documents and provide deposition testimony regarding payments from judgment debtors).

Abadiotakis cites the "relevancy" and "burden" standards provided by F.R.C.P. 45. But this Motion is more specifically governed by F.R.C.P. 69, which provides for discovery "in aid of the judgment or execution" from "any person." Put another way, the relevancy and burden considerations required by F.R.C.P. 45 are satisfied with respect to a judgment debtor's financial information in the context of F.R.C.P. 69 enforcement.

Magistrate Judge Lehrburger, overseeing discovery in the main enforcement proceedings on order of reference by Judge Cote, previously granted Plaintiffs' motion to compel Gentle's former attorneys to appear for a deposition in aid of enforcement, notwithstanding their similar objection to producing sensitive financial information. (*See Avalon Holdings Corp. v. Gentile,* S.D.N.Y. Case No. 18-cv-7291, Dkt. 376--compelling production of documents; Dkt. 380--compelling deposition of firm's representative.) The Court should grant Plaintiffs' motion to compel Abadiotakis' deposition for the same reasons.

**2. <u>Gentile is a present beneficiary of the Stock USA Trust and The Crestwood Trust 1.</u>**

Abadiotakis incorrectly claims that the documents filed by Plaintiffs do not reflect any beneficial interest held by Gentile in the trusts, echoing and doubling down on the misleading statement in his Affidavit that "Gentile is neither a settlor nor a beneficiary of the SUSA Trust."

The "Settlor" of the SUSA Trust is identified as Nicholas Abadiotakis "as liquidating Trustee" of the Stock USA Trust. Guy Gentile is both the settlor and a beneficiary of the "self-settled" Stock USA Trust. (Pl. Supplemental Submission Ex. 1 p.1: "Settlor desires to

establish an irrevocable trust for the benefit of himself and him [sic] issue" and defining "Beneficiaries" accordingly).

Assets held by "self-settled trusts," which include the Stock USA Trust and the Swiss America Asset Trust, are reachable by Plaintiffs as Guy Gentile's creditors. *See U.S. v. Planes*, 656 F. Supp. 3d 1302, 1331 (M.D. Fla. 2023) ("The Florida Trust Code evidences a wariness about self-settled trusts, that is, a trust in which the settlor retains an interest as a beneficiary, because a self-settled trust is a foreseeable tool for abuse by a debtor"). Judge Bloom of this District found that Gentile was the beneficial owner of the similarly self-settled Swiss America Asset Trust for that reason. *See SEC v. Gentile*, No. 21-cv-21079, 2025 WL 2664459, at *4 (S.D. Fla. Sept. 18, 2025). Abadiotakis suggests that the Swiss America Assert Trust no longer exists, raising the question of whether assets were distributed to the Stock USA Trust named as "ultimate default trust" and potentially subject to execution in this District.

Gentile is also a present beneficiary of the Crestwood Trust 1. The Crestwood Trust 1 was established by Gentile's mother, for the benefit of his father and then for their descendants, which include Guy Gentile. Guy Gentile's father died on January 2, 2025.

The terms of the trusts permit distributions to be made for the financial support of any beneficiary. Any trust assets that could be distributed to Gentile as a beneficiary of the trusts are within the reach of Plaintiffs as Gentile's Judgment Creditors. The extent to which Gentile's beneficial interest in Crestwood Trust 1 is shared with other beneficiaries is not established by the facial terms of the Crestwood Trusts alone. Plaintiffs are entitled to investigate, including through Abadiotakis' testimony. *See STG Secure Trading Grp., Inc. v. Solaris Opportunity Fund, LP,* No. 06-81018-CIV, 2007 WL 3131335, at *2 (S.D. Fla. Oct. 24, 2007) (judgment creditor entitled to discovery to substantiate and/or refute assertion that property was owned by debtor's spouse).

**3. <u>Gentile used the Abadiotakis trusts to engage in fraudulent transactions.</u>**

Apart from Gentile's interest as a beneficiary of any specific trusts, Plaintiff also claims that trust terms were disregarded or applied to permit Gentile to access trust assets while concealing his true ownership.

Judge Bloom also found the Swiss America Asset Trust to be problematic in permitting Gentile as settlor to remove and appoint replacement trustees at his discretion, raising the specter of settlor control of the trustee. *SEC v. Gentile*, 2025 WL 2664459, at *4. The same defect exists under the self-settled Stock USA Trust and the successor SUSA Trust, both managed by Abadiotakis. Plaintiffs are justified in demanding an examination of Abadiotakis to investigate whether he exercises independent judgment as trustee or merely follows Gentile's orders.

None of the trust documents prohibit transactions with Gentile as either settlor or beneficiary. Plaintiffs are aware of several transactions and transfers involving the various Abadiotakis trusts, as described in their Motion, in which Abadiotakis was personally involved, including the so-called "decanting" of Mint Global Holdings from Gentile's self-settled Stock USA Trust into the SUSA Trust that concealed his identity as ultimate settlor. These transactions appear fraudulent, particularly if effected to remove Gentile's interest as a beneficiary under threat of litigation as suggests as Abadiotakis suggests, *see* Fl. Stat. §726.105, even if permitted by the trust documents as Abadiotakis claims.

**A. <u>The "Avenue at Crestwood" transactions</u>**

Plaintiffs are in possession of third-party discovery, including from Gentile's mother, the settlor of Crestwood Trust 1 and beneficiary of Crestwood Trust 2, and the nominal manager of XGen Properties, LLC, which is owned by the Crestwood Trusts and is the owner of

the Crestwood Apartments building in Westchester. Abadiotakis is identified as involved in the following transactions related to the Crestwood Avenue Trusts:

- The financing of the purchase of the property by XGen by entities then owned by Gentile's self-settled Stock USA Trust.
- The establishment of the Crestwood Trusts within days of the closing of the purchase of the property by XGen, for the purpose of acquiring ownership of XGen (and the property owned by XGen).
- The execution of mortgages taken by XGen from Gentile affiliates and "shell companies," which had the effect of funelling income from the property owned by XGen back to Gentile.

The financing and mortgage transactions fit the example "badge of fraud" provided by Fl. Stat. §726.105(2)(k) almost to the letter: "The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor." A majority of the additional "badges of fraud" enumerated in Fl. Stat. §726.105(2)(a)-(k) to be considered by courts determining fraudulent intent are also present. *See:* (a) transaction with an "insider"; (b) debtor retained control of property; (c) transfer was not disclosed; (d) transfer occurred while litigation was pending; (f) the debtor absconded; (g) debtor concealed assets; (h) assets transferred for no equivalent value.

Abadiotakis asserts that the Crestwood transactions occurred in 2021 and 2022, before the entry of final Judgments in these cases. But all of the transactions occurred while this litigation was pending, raising the presumption of fraud as to the removal of assets from Gentile's self-settled Stock USA Trust to finance the purchase of a property by Gentile's parents, which was then placed in Abadiotakis'-managed trusts for his benefit with income paid back to Gentile through sham mortgage transactions. *See* Fl. Stat §56.29(3)(a): "When, within 1 year before the service of process on the judgment debtor in the original proceeding or action, the judgment debtor has had title to, or paid the purchase price of, any personal property to which the judgment debtor's

spouse, any relative, or any person on confidential terms with the judgment debtor claims title and right of possession, the judgment debtor has the burden of proof to establish that such transfer or gift was not made to delay, hinder, or defraud creditors."

The additional documents and discovery regarding these transactions and described in Plaintiffs' Motion and Supplemental Submission were produced under a Confidential designation and are beyond the scope of the Court's order providing for the filing of sealed trust documents. The determination of whether these transactions were in fact fraudulent is beyond the scope of this Motion to compel. Plaintiffs intend to introduce these documents at Abadiotakis' deposition and may submit them to the Court pursuant to appropriate procedures in connection with any Supplemental Proceeding Plaintiffs may initiate based on the totality of the evidence, including the documents described here and the documents and testimony that Plaintiffs seek from Abadiotakis. *See Indep. Bank of W. Mich. v. Devecht*, No. 13-21753-MC, 2020 WL 9460233, at *2 (S.D. Fla. Jan. 22, 2020), R&R adopted, No. 13-21753-CIV, 2020 WL 9460220 (May 6, 2020) (granting motion to commence proceedings supplementary to execution to implead purchasers of property allegedly fraudulently sold by judgment debtors through shell companies to avoid judgment collection efforts).

**B. <u>The Mint Global Holdings "decanting."</u>**

The transfer of ownership of Mint Global Holdings, Inc. from Gentile's self-settled Stock USA Trust, which was within the reach of Gentile's creditors, to the SUSA Trust, was effective in May 2024, two months after the Final Judgments were entered for the Plaintiffs. The "decanting" of the Stock USA's assets is a fraudulent transfer under Fl. Stat. §726.106: "<u>Transfers fraudulent as to present creditors</u>.—(1) A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was

incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time." Gentle was presumptively insolvent at the time of the decanting transaction, when the Judgments were outstanding, unpaid, and unbonded. *See* Fl. Stat § 726.10(2) ("A debtor who is generally not paying his or her debts as they become due is presumed to be insolvent").

Abadiotakis emphasizes that the transfer of ownership of Mint Global Holdings Inc. to the SUSA Trust was planned prior to the entry of final Judgments and refers to a "year long" FINRA process, which implies the existence of additional relevant documents (e.g., FINRA correspondence and any related correspondence with Gentile regarding that process), which Abadiotakis should be compelled to produce, and raises questions that Abadiotakis should expect and be compelled to answer at his deposition (e.g., Was FINRA notified of the entry of final judgments two months prior to the "effective" date of the transfer?)

Even crediting Abadiotakis' assertion that the "decanting" transaction dates back to the establishment of the successor SUSA Trust and transfer instructions given by Abadiotakis in October 2023, that timing still strongly supports an intent to conceal assets from Plaintiffs as Gentile's "future creditors" within the scope of fraudulent transactions defined by Fl. Stat §726.105(1)(a). As noted in Plaintiffs' Supplemental Submission, the SUSA Trust was dated October 1, 2023, but signed on October 14, with Abadiotakis' letter notifying Mint Global subsidiary SpeedTrader of the intended transfer on October 24. Magistrate Judge Lehrburger's R&R recommending entry of a minimum of $12 million was entered on October 2, 2023. Magistrate Judge Lehrburger's R&R decision was issued after holding a two-day hearing on damages for which the parties had prepared for the better part of a year, including by taking

extensive supplemental discovery from third party witnesses and experts presented by Gentile, whose testimony and theories were ultimately rejected.

The significance of the R&R was not lost on Gentile or on Abadiotakis, who submitted an Affidavit at Gentile's request opposing the district court's adoption of the R&R. Abadiotakis' Affdavit, signed on November 2, 2023, identified himself only as a purported unrelated "former customer" of Gentile's former Bahamian brokerage, without mentioning his longstanding role as Gentile's trustee, or the transactions he was then undertaking to help Gentile avoid collection of the Judgments that were expected to be (and were) entered based on the R&R. (*Avalon* S.D.N.Y. No. 18-cv-7291, Dkt. 257.) As with the Affidavit submitted in response to Plaintiffs' enforcement subpoenas, Abadiotakis did not make himself available for questioning as to the contents of his previous Affidavit, and it was not considered by the Court in adopting the R&R. The unexamined Affidavit Abadiotakis relies on here is likewise insufficient and without probative value.

**C. <u>The Transfer and sale of property at 321 S. Dixie Hwy., W, Palm Beach, Florida</u>**

The Stock USA Trust held other assets including real property, in addition to the 100% ownership interest in Mint Global Holdings, Inc. "decanted" to the SUSA Trust in the fraudulent transaction further discussed above. On October 13, 2023, after entry of the R&R and while also planning to decant the Stock USA Trust's interest in Mint Global Holdings and the Stock USA Trust transferred real property at 321 South Dixie Highway for no apparent equivalent value to Ferndix LLC, an entity identified as "owned" by Abadiotakis. Plaintiffs intend to examine Abadiotakis and demand discovery of all documents relevant to the 321 South Dixie Hwy. transfer, the timing of which reflects an intent to defraud for the same reasons as the decanting transaction. (*See* 321 S. Dixie Hwy. public records, <u>attached as Ex. 1</u>.)

**4. Abadiotakis' minimalist Affidavit is not an adequate <u>substitute for his deposition and production of all relevant documents</u>.**

Abadiotakis asserts that Plaintiffs are required to accept his Affidavit containing the sum total of 3 lines, one of which is misleading (stating that Gentile is neither a settlor nor beneficiary of the SUSA Trust, which is the successor to the self-settled Stock USA Trust), in lieu of his deposition and production of all relevant documents within his possession. Needless to say, Abadiotakis' Affidavit does not adequately summarize his decades-long relationship with Gentile, and the extent of his knowledge of Gentile's finances and interest in transactions involving trusts for which Abadiotakis serves as trustee, and which bear a majority of the "badges of fraud" as to present and future creditors enumerated by Fl. Stat. §726.105(2) as discussed above. Even if Abadiotakis' Affidavit were more thorough, a sworn statement is not a substitute for testimony; litigants have the right to cross examination.

This is not the first time that Abadiotakis has tried to submit an affidavit to support Gentile's position in this litigation without submitting to cross examination. While Abadiotakis repeatedly invokes and inflates Plaintiffs' burden on this motion, Plaintiffs note that Gentile has the burden of overcoming of demonstrating a "shared" interest in assets held by trusts in which Gentile has a present beneficial interest, and of demonstrating that transfers from his self-settled SUSA Trust to trusts and entities established for the benefit of his family members while this litigation was pending were not fraudulent. Fl. Stat. §56.29.

To the extent Abadiotakis' refuses to be cross-examined on his statements, he should not be able to submit this or any other Affirmation in connection with any Supplemental Proceeding that Plaintiffs may commence in this District.

Abadiotakis should also be ordered to withdraw the objections he has asserted to the proposed production by third parties of information relating to trust accounts that he has refused to produce (*See* Abadiotakis JPM Chase Objections, attached as Ex. 2.)

**5. The Westchester turnover action does not preclude Plaintiffs from pursuing enforcement discovery or collection in this District**

Abadiotakis asserts that Plaintiffs' pending turnover action in Westchester relating to the Avenue at Crestwood property somehow precludes Plaintiffs from seeking discovery from Abadiotakis in this District about the Avenue at Crestwood transactions and trusts. Discovery relevant to Plaintiffs' turnover claim is ongoing under Magistrate Judge Lehrburger's supervision in the main enforcement proceedings, which has included two days of third party depositions on issues relevant to the Avenue at Crestwood property as ordered by Magistrate Judge Lehrburger. Nicholas Abadiotakis' deposition testimony is expected to cover the Avenue at Crestwood Property among other trust assets and is also sought pursuant to MJL's order.

The turnover action does not preclude Plaintiffs from deposing Abadiotakis in this District as to matters relevant to the turnover claim, or as to any other assets held by trusts in which Gentile has an interest, including by way of fraudulent transactions with trusts or shell companies designed to conceal his true ownership. Plaintiffs are entitled to pursue collection in more than one jurisdiction, just as they were authorized by 28 U.S.C. §1963 and Judge Cote to register the Judgments in more than one jurisdiction, including this jurisdiction, for purposes enforcement.

Respectfully submitted,

*/s/ Rachel Micah-Jones*

Rachel Micah-Jones (Fl. Bar No. 693170)
2105 Sulgrave Ave. | Baltimore MD 21209
(214) 796-7306 | Rachel.MicahJones@gmail.com
Local Counsel for Plaintiffs/Judgment Creditors

Miriam Tauber (admitted *pro hac vice)*
David Lopez (admitted *pro hac vice*)
*Counsel for Plaintiffs/Judgment Creditors*

**CERTIFICATE OF SERVICE**

I hereby certify that on July 2, 2026, , I sent copies of the foregoing Supplemental Reply Submission:

• To Defendant/Judgment Debtor Guy Gentile:

By email tp the email address at which Gentile has consented to receive ECF notices as a pro se litigant in the main S.D.N.Y. enforcement proceedings: fightfightfigth@proton.me

With additional copies of Plaintiffs' Supplemental Submission and Reply sent to Gentile's last known address.

• To Non-Party Nicholas Abadiotakis: c/o counsel, Lorne Berkeley:

By email to: Lorne@Berkeleylawfl.com

Miriam Tauber (admitted *pro hac vice*)
*Counsel for Plaintiffs/Judgment Creditors*