**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

AVALON HOLDINGS CORP.,
and NEW CONCEPT ENERGY, INC.,

Plaintiffs,
v.

GUY GENTILE,

Defendant.
_________________________________/

**Case No. 1:24-mc-23707-DPG**

**Related Case No. 1:24-mc-23709-DPG**

Related to:

NEW CONCEPT ENERGY, INC.,

Plaintiff,
v.

GUY GENTILE,

Defendant.
_________________________________/

**NON-PARTY NICHOLAS ABADIOTAKIS'S SUR-REPLY TO PLAINTIFFS' SUPPLEMENTAL REPLY IN SUPPORT OF MOTION TO COMPEL**

Non-Party Nicholas Abadiotakis ("Mr. Abadiotakis"), individually and as trustee, submits this Proposed Sur-Reply solely to address new matters raised in Plaintiffs' Supplemental Reply.

1. Plaintiffs' Supplemental Reply continues to blur together different trusts, different beneficiaries, and different proceedings in an effort to create a discovery nexus that the trust instruments themselves do not provide. The clearest example is the Avenue at Crestwood Trusts. Those trusts have zero facial connection to Guy Gentile as settlor, present or future beneficiary. Crestwood Trust II expressly identifies Giovanni Gentile as settlor and Nicholas Abadiotakis as

trustee, and states that Giovanni established the trust for the benefit of his wife, who is defined as a "Beneficiary" in the recital. Crestwood Trust I likewise identifies Antonietta Gentile as settlor and Nicholas Abadiotakis as trustee, and states that Antonietta established the trust for the benefit of her husband as a "Beneficiary." In both instruments, the spouse is the sole beneficiary during the "Trust term" (Trust §2(A)-(C)). The remote contingency interest for "descendants" in Section 3 arises only upon termination of the Trust, which occurs "on the death of the youngest of the children of the Settlor" (Trust §2(D)). The youngest child is Guy Gentile, a fact known to Plaintiffs based on their discovery to date. Plaintiffs' statement that Mr. Gentile is a current beneficiary is simply wrong.

2. Accordingly, Plaintiffs are wrong to argue that the Crestwood Trusts presently belong to, or are presently for the benefit of, Guy Gentile. Guy Gentile is neither the settlor nor the present beneficiary of either Crestwood trust. At most, the instruments contemplate a later descendant remainder upon termination. But Guy Gentile could never fall within the descendant class, since this class receives benefits only on his death.

3. The affidavit Guy Gentile filed in the Westchester County action (see attached as Exhibit A) reinforces that point. There, Guy Gentile states that the property is held in trusts for which he is not a beneficiary, that the trust documents he has seen make clear he cannot receive any benefit from ownership of the property, and that his mother wanted to provide for her descendants after his death so that his sister's children might also be provided for. That affidavit does not help Plaintiffs; it confirms the same point shown by the Crestwood instruments themselves, namely, that the Crestwood structure is a parent and spouse-centered estate planning arrangement with only later descendant remainders, not a present trust vehicle for Guy Gentile.

4. Plaintiffs' reply also overlooks that they already have a Westchester County against XGEN to recover the interests now owned by Crestwood Trusts through which they are free to seek whatever discovery they believe is appropriate concerning their property-based theories. If Plaintiffs contend there is an actual turnover issue concerning Crestwood-held XGEN shares or related property, discovery can proceed in that action on notice to all interested parties. What Plaintiffs should not be permitted to do is subject a non-party to discovery in this miscellaneous enforcement matter, without notice to the Westchester parties, and require him to be deposed a second time in the New York suit. Plaintiffs should not be given two chances to depose the same witness on the same issues.

5. Plaintiffs' continuing effort to portray Guy Gentile as a "fugitive" who has "absconded" is also a misrepresentation that should not distract the Court from the actual trust instruments. According to Guy Gentile's affidavit filed in the Westchester County action, he relocated from New York a decade before the judgments, has defended the actions filed by these parties, has provided his current address in Dubai, and has offered deposition testimony remotely rather than hiding from process. He further avers that he has no reason to be in the United States, and continues to litigate actively, including opposing the civil arrest mechanism entered in aid of judgment enforcement. The point for present purposes is narrower: Plaintiffs should not be permitted to use loaded but inaccurate characterizations about Guy Gentile to enlarge discovery against a non-party trustee where the sealed trust documents themselves still do not show that Guy Gentile is a present beneficiary of the Crestwood trusts or of the SUSA Trust.

6. As to the Stock USA and SUSA materials, Plaintiffs likewise overread what the documents show. The original Stock USA Trust is historical and predates Plaintiffs' judgments by years. The later Statement of Settlor's Wishes and the 2023 decanting materials reflect a successor-

trust structure focused on children, future children, and future generations, together with trustee authority to remove a beneficiary, including the settlor, if needed to protect trust assets. And the SUSA Trust itself names descendants by full name and date of birth, including Guy Giovanni Gentile, born September 14, 2005—not Guy Gentile, the judgment debtor. Whatever arguments Plaintiffs wish to make about historical interests or earlier trading periods, the question before this Court is whether the filed instruments establish a present basis to compel discovery from a non-party trustee now. They do not.

7. For all of these reasons, Plaintiffs' Supplemental Reply does not cure the defects in their motion. The trust instruments do not show that Guy Gentile is a present beneficiary of the Crestwood trusts or of the SUSA Trust, and Plaintiffs' repeated mischaracterizations of the beneficiary provisions should not be allowed to expand discovery against a third-party trustee. The Motion to Compel should therefore be denied.

Dated: July 8, 2026

Respectfully submitted,

**BERKELEY LAW P.A.**
*Counsel for Non-Party Nicholas Abadiotakis*
10600 Griffin Road
Suite 104
Cooper City, Florida 33328
Telephone: 954-719-3484

By: */s/ Lorne E. Berkeley*
LORNE E. BERKELEY, ESQ.
Florida Bar No. 146099
Lorne@BerkeleyLawFL.com
LegalAssistant@BerkeleyLawFL.com

**CERTIFICATE OF SERVICE**

I hereby certify that, on July 8, 2026 I electronically filed the foregoing document through CM/ECF, which will cause a copy of the document to be served by Notice of Electronic Filing on all parties and counsel of record.

By: */s/ Lorne E. Berkeley*
LORNE E. BERKELEY, ESQ.